UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                              Case No. 01-80971

MAXIMILLIAN HUGHES,                Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

On August 6, 2007, the Defendant, Maximillian Hughes, filed a motion, seeking to obtain a "correction of [a] clerical error" within the judgment that had been entered against him by the Court on September 14, 2004. In his motion, Hughes contends that the Federal Bureau of Prisons has not given appropriate credit to him for the time of imprisonment that he served prior to the imposition of the September 14th sentence.[1] In support of this argument, he submitted a copy of the transcript of his sentencing hearing, in which the Court stated, in part, that "I believe that it's appropriate to say that the time that Mr. Hughes has served will be credited against the sentence that was imposed by the Court today." Transcript of Sentencing Hearing at 18, *U.S. v Hughes*, No. 01-80971 (E.D. Mich. Sept. 14, 2004). Hughes' attorney, as well as the counsel for the Government, concurred. Thereafter, Hughes was placed in the custody of the Bureau of Prisons for a period of seventy months after having pled guilty to being in violation of 18 U.S.C. §922

---

[1] He also seeks to have his period of supervised release shortened by the amount of time that was served by him in excess of his original term of incarceration.

(g)(1); namely, being a "felon in possession of a firearm." In its response to Hughes' motion on October 18, 2007, the Government wrote that, in its opinion, Hughes "is correct in asking that the judgment be corrected so as to reflect the actual time the [C]ourt contemplated in sentencing the defendant."

In its review of the official file, the Court notes that the Bureau of Prisons did give credit to Hughes for the time that he spent in custody prior to the imposition of the state sentence against him in April 2003.[2] However, Hughes maintains that he should have been given credit for an additional sixteen and one half (16 ½) months for the time that he served between April 28, 2003 and September 14, 2004. According to Hughes, this April 2003 to September 2004 interval represents the period of time that he served on his state sentence prior to the imposition of the federal court sentence in September 2004.

The Court is satisfied that the Bureau of Prisons has correctly interpreted the sentence of September 14, 2004 by crediting Hughes with the time that he served prior to the date upon which his undischarged state sentence was imposed. However, it was the intention of the Court that (1) Hughes' sentence would run concurrently with the state sentence, and (2) he would receive credit for the time served by him on his state sentence. According to the Guidelines of the U.S. Sentencing Commission, Hughes' sentence should have been adjusted to reflect the time he had already served on his state sentence. §5G1.3(b)(1).[3]

---

[2]Specifically, an attachment that appears to have been generated by the Bureau of Prisons ("Sentence Monitoring Computation Data as of 01-25-2006") and proffered by Hughes in support of his motion, indicates that he received credit for time spent by him in custody between (1) October 28, 2001 and October 30, 2001 and (2) January 31, 2002 and April 28, 2003.

[3]§5G1.3(b)(1) reads: "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of prisons . . . ."

Hughes has also asked the Court to shorten his term of supervised release in such a manner that it will incorporate the time served by him in excess of his original term of incarceration. Here, as in all similar situations, it is incumbent upon the aggrieved person to provide the Court with a legally cognizable basis for his request. Hughes has failed to cite any applicable law or regulation that would support this application for relief. Hence, the Court must, and does, conclude that he has failed to meet this burden.

For the reasons that have been listed above, Hughes' motion is granted in part.Therefore, the Clerk of the Court is directed to immediately modify the "Judgment and Commitment Order" from a term of seventy (70) months of imprisonment to an incarceration period of fifty four (54) months. However, Hughes' request to shorten his term of supervised release must be, and is, denied.

IT IS SO ORDERED.

Dated: October 23, 2007              s/ Julian Abele Cook, Jr.
     Detroit, Michigan                   JULIAN ABELE COOK, JR.
                                                     United States District Court Judge


Certificate of Service

I hereby certify that on October 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s): Maximillian Hughes, Fed. Reg. 28253-039, FCI McKean, P.O. Box 8000, Bradford, PA 16701; Bureau of Prisons; US Probation Department.

                                                            s/ Kay Alford
                                                            Courtroom Deputy Clerk